UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INDIANA LABORERS WELFARE FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JENNIFER VAN DALSEN, | ) ) |
| Defendant. | ) ) |

No. 2:18-cv-00463-JPH-MJD

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on Defendant's Motion to Dismiss [Dkt. 19.] District Judge James Patrick Hanlon designated the undersigned to issue a report and recommendation regarding the motion pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 22.] For the reasons set forth below, the Magistrate Judge recommends Defendant's Motion to Dismiss be **DENIED**.

Plaintiff in this case is a self-funded employee welfare benefit plan ("the Plan") as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002. Defendant received health insurance benefits under the Plan as an eligible spouse until her divorce in October 2013. Plaintiff alleges that it paid health insurance benefits on behalf of Defendant in the amount of $1,462.19 after Defendant was no longer covered under the Plan. Plaintiff seeks to recover this amount, as well as prejudgment interest, costs, and attorney fees, pursuant to ERISA, 29 U.S.C. § 1132. Plaintiff also asserts various state law claims.

Defendant, who is proceeding *pro se* in this action, asserts the following in her motion to dismiss:

> My attorney and I have both asked for a copy of the alleged bill for which the Plaintiff is suing. We were advised that they do not have the bill. Without the bill, I have no way to identify what it is or was, no way to contact my insurance company to see if an error was made and no proof that this was ever in fact my bill.

[Dkt. 19.]¹ As an initial matter, the Magistrate Judge notes that a motion to dismiss must be filed prior to the filing of an answer; Defendant filed her answer on November 30, 2018, [Dkt. 5], and filed the instant motion on May 13, 2019. Accordingly, the Magistrate Judge will construe Defendant's motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Defendant's desire to obtain information about the bill (or bills) on which Plaintiff's claim was based is certainly understandable, and she has the right to obtain that information through the discovery process. Indeed, it appears that she has now received the information, *see* [Dkt. 26]; if she has not, she should bring that to the attention of the Magistrate Judge. However, even if Plaintiff did not have the bill or could not otherwise prove its claim, that would not be the proper subject of a motion for judgment on the pleadings (or a motion to dismiss). These motions address whether Plaintiff has properly pled a claim; they may not be used to test whether Plaintiff has the evidence to prove the claim. *See, e.g.*, *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (When ruling on a motion to dismiss, the court must "accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor.") (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *ADM All. Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017) (applying same standard to motion

---

¹ The Court notes that while Defendant references her attorney in her motion, no attorney has appeared on her behalf in this case.

for judgment on the pleadings).  Accordingly, the Magistrate Judge recommends that Defendant's motion be **DENIED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with [28 U.S.C. § 636(b)(1)](#) and [Fed. R. Civ. P. 72(b)](#), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  30 AUG 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Copy by United States Mail to:

Jennifer Van Dalsen
5907 S. 600 E.
Lafayette, IN 47909

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

3